Docket No. 15 Civ. 6851 (AKH)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

P.R.C. on behalf of herself and her child, G.G.C.,

                              Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION;
NEW YORK CITY BOARD OF EDUCATION; and
CARMEN FARIÑA, in her official capacity as
Chancellor of the New York City School District,

                              Defendants.

**DEFENDANTS' REPLY MEMORANDUM OF
LAW IN FURTHER SUPPORT OF THEIR
MOTION TO DISMISS**

**ZACHARY W. CARTER**
*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street, Room 2-306
New York, N.Y.  10007-2601

*Of Counsel:*   Lesley Berson Mbaye
*Telephone:*    (212) 356-0897

Matter No. 2015-040723

## TABLE OF CONTENTS

**Page**

ARGUMENT ............................................................................................................................. 3

    POINT I .......................................................................................................................... 3

        THE SIBLING PRIORITY POLICY DOES NOT CREATE A PROPERTY INTEREST IN A SEAT IN THE GIFTED & TALENTED PROGRAM FOR WHICH THE CHILD DID NOT QUALIFY ......................................................... 3

    POINT II ......................................................................................................................... 6

        THE AUTHORITIES PLAINTIFF RELIES ON FROM THE SOCIAL WELFARE CONTEXT ARE INAPPOSITE AND UNAVAILING ..................... 6

    POINT III ........................................................................................................................ 8

        PLAINTIFF RECEIVED ALL THE PROCESS SHE WAS DUE ........................ 8

CONCLUSION ......................................................................................................................... 9

**PRELIMINARY STATEMENT**

Plaintiff cannot establish – under case law or on the face of Chancellor's Regulation A-101 – that G.G.C. had a cognizable property interest in a seat in a particular Gifted & Talented Program for which she did not qualify.  As no property interest exists, Plaintiff was not entitled to any process and, therefore, she fails to state a claim under 42 U.S.C. sec. 1983 for which relief can be granted.  The Complaint, therefore, must be dismissed.

**ARGUMENT**

**POINT I**

**THE SIBLING PRIORITY POLICY DOES NOT CREATE A PROPERTY INTEREST IN A SEAT IN THE GIFTED & TALENTED PROGRAM FOR WHICH THE CHILD DID NOT QUALIFY**

In her opposition to Defendant's motion to dismiss, Plaintiff attempts to reframe her case as the purely legal question of "whether Defendants . . . have created property interests via his particular Chancellor's Regulation [i.e. A-101, which sets forth the sibling priority policy] and/or government policy."  Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss ("Pl. Opp.") at 14.  The Court need not address that question, however, because the facts presented by this case do not lend themselves to a simple application of that Regulation.  Instead, the facts of this case – as presented in Plaintiff's Complaint – raise the question of whether the child G.G.C. had a cognizable property interest in attending the same Gifted & Talented ("G&T") program as her brother on the basis of the sibling priority policy set forth in Chancellor's Regulation A-101 alone, notwithstanding the fact that she failed to meet the

eligibility requirement for the G&T program.  As set forth in Defendant's moving papers and below – and, in fact, as conceded by Plaintiff – no such property interest exists.[1]

The key to establishing a property interest is that the plaintiff "clearly must have more than an abstract need or desire for it.  He [*sic*] must have more than a unilateral expectation of it.  He [*sic*] must, instead, have a legitimate claim of entitlement to it."  Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972).  Plaintiff here asserts that "As a gifted sibling of C.C., which affords her an *automatic* entry into the Anderson G&T Program *upon her attainment of a particular score*, G.G.C. has a property interest in the G&T Program Sibling Policy."  Pl. Opp. at 23-24 (emphasis supplied).  Significantly, it is undisputed that G.G.C. did *not*, in fact, attain the "particular score" required to qualify for the Citywide G&T program to which she seeks admission.  See Compl. at ¶¶ 34 (qualifying score for a Citywide G&T Program like the Anderson School is 97th percentile), 97 (G.G.C. scored in the 93rd percentile).  Indeed, Plaintiff repeatedly concedes that any property interest would arise *only* had G.G.C. received a qualifying score on the G&T assessment.  See Pl. Opp. at 24 (G.G.C. "would have had an automatic right to admission to Anderson *upon attainment of a particular score*"), id. (arguing that the DOE would have had no discretion but to place G.G.C. at Anderson "*had she scored at the proper percentile*"), at 25 (asserting G.G.C. had a property interest in enrolling in the G&T Program *had she scored appropriately*"), id. ("G.G.C. had more than an expectation of enrollment *if she achieved a certain score."*).  Here, it is undisputed that G.G.C. failed to obtain such a score.  See Compl. at ¶¶ 34, 97. There is no legal basis for Plaintiff's argument that G.G.C. has a

---

[1] Based on the reasoning set forth in Sprint Commun. v. Jacobs, 134 S. Ct. 584 (2013), Defendant will not pursue a Younger abstention argument.

constitutionally protected interest in attending a program for which she admittedly failed to qualify.

Plaintiff seems to suggest that the Court must deem G.G.C. as "gifted" as a matter of law because Plaintiff alleged this fact in her Complaint. See Pl. Opp. at 25; Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006) (on a 12(b)(6) motion Court must accept plaintiff's factual allegations as true). However, in this case, "gifted" is determined solely by a student's percentile score on the G&T Assessment. A parent's allegation and belief that her child is "gifted" does not trump the school district's established admissions criteria. Cf. Dangler on behalf of Dangler v. Yorktown Cent. Schools, 771 F. Supp. 625, 628 (S.D.N.Y. 1991) (finding no protected property interest in school's honors program because the standards were not "absolute"). Indeed, Plaintiff herself backpedals on this assertion in the same sentence she makes it, by again admitting that a property interest in attending Anderson would have arisen only "had [G.G.C.] scored appropriately." Pl. Opp. at 25.

Finally, contrary to Plaintiff's assertion, G.G.C.'s admission to Anderson would not have been "automatic" had she attained a qualifying score. As the case cited by Plaintiff and attached to her counsel's declaration states, in the 2011-2012 school year, over 500 students with the highest percentile G&T scores sought placement in the Anderson School's 50 kindergarten seats. See Respondent DOE's Brief in the Matter of the Application of R.B., et al. v. NYC Dep't of Educ., et al., Index No. 100738/13, dated December 2, 2013 annexed to the Declaration of Elisa Hyman, Esq. dated December 21, 2015 at Exh. "B" ("DOE Brief in R.B.") at 20-21. Supposing, *arguendo*, that G.G.C. had scored in the 97th percentile on the G&T Assessment. It is entirely possible that the available seats at Anderson would have been filled by siblings with qualifying scores in the 99th and 98th percentiles, before G.G.C. could have been placed. Thus,

even had GGC qualified for the program, there is no guarantee she would have received a seat in the school of her choice, even with the sibling priority.

## POINT II

### THE AUTHORITIES PLAINTIFF RELIES ON FROM THE SOCIAL WELFARE CONTEXT ARE INAPPOSITE AND UNAVAILING

Plaintiff strays from the field of education in her attempt to establish G.G.C.'s property interest. These efforts are unavailing. She cites to Spinelli v. City of New York, 579 F.3d 160 (2d Cir. 2009) for the humble proposition that a New York City regulation may create a property interest. See Pl. Opp. at 13. Spinelli involved the suspension of a gun dealer's license. The Second Circuit held that the regulation itself created only a "purely speculative property interest;" only once the license was *granted* pursuant to that regulation did a constitutionally cognizable property interest arise. Spinelli, 579 F.3d at 168. Under this reasoning, G.G.C. would not have had a protected property interest in a seat in the same G&T program as her brother until she qualified for that program – which she did not. Spinelli does not support Plaintiff's assertion that the Sibling Priority policy standing alone created a protected interest in a seat in the Anderson School.

Plaintiff's reliance on Basciano v. Herkimer, 605 F.2d 605 (2d Cir. 1978) and Kapps v. Wing, 404 F.3d 105 (2d Cir. 2005), two cases dealing with government social welfare benefits, are similarly inapposite. As an initial matter, the benefits at issue in those cases (retirement benefits under the New York City Employees' Retirement System and New York's Home Energy Assistance Program, respectively) have "long been afforded constitutional protection as a species of property protected by the federal due process clause." Kapps, 404 F.3d at 113. This contrasts with the federal court's general reluctance to get involved with matters of

educational administration. See, e.g., Dangler, 771 F. Supp. at 628 (finding no protected property interest in school's honors program because "[t]here are no absolute standards to which a student can compare his or her record and conclude, *unlike an applicant for welfare benefits,* that he or she is entitled to the benefit") (emphasis supplied); Johnpoll v. Elias, 513 F. Supp. 430, 432 (E.D.N.Y. 1980) ("this court cannot be used as a vehicle to review fundamental administrative decisions such as student placement"). Moreover, the courts in Kapps and Basciano found the plaintiffs to have a legitimate expectation in the benefit because once they met the qualifying criteria, the Defendant had no discretion but to provide the benefit. See Kapps, 404 F.3d at 115 (applicant for a benefit only has a protected interest in the receipt of that benefit when the statutory scheme "*mandates*" the award of the benefit upon satisfaction of specified criteria) (emphasis supplied); Basciano, 605 F.2d at 609 (same).

In the case of the G&T program, however, the placement of the student is not an automatic, ministerial task but, rather, depends upon the number of seats available, the number of students who qualify for the G&T program in a given year, the way those students rank their choice of schools, the number of siblings who qualify, and the number of students who qualify with a higher percentile scores (and are therefore placed first). See DOE Brief in R.B. at 20-21. Thus, qualification for the G&T program does not trigger receipt of the desired benefit (in this case, a seat at the Anderson School) in the same way as qualification led to automatic receipt of benefits in Basciano and Kapps, and Plaintiff's reliance on these cases is misplaced.

Finally, Plaintiff argues that it is irrelevant that courts have refused to recognize a constitutionally protected right to a seat in a particular school program because those cases were not addressing whether a Chancellor's Regulation created a property interest, the question she

purports to raise now.  See Pl. Opp. at 14-15.  Plaintiff misses the forest for the trees.  As the Supreme Court held in Epperson v. Arkansas, 393 U.S. 97, 104 (1968):

> By and large, public education in our Nation is committed to the control of state and local authorities.  Courts do not and cannot intervene in the resolution of conflicts which arise in the daily operation of school systems and which do not directly and sharply implicate basic constitutional values.

The New York State cases cited in Defendant's moving papers stand for exactly this principle. See Defendant's Memorandum in Support of their Motion to Dismiss, dated Oct. 13, 2015 ("Deft. Memo") at 10-11 (citing New York Civil Liberties Union v. State of New York, 4 N.Y.3d 175 (2005), Matter of Bennett, 114 A.D.2d 58 (2d Dep't 1985), Matter of R.B., Index No. 100738/2013, 2013 N.Y. Misc. LEXIS 3412 (Sup. Ct. N.Y. Co., Aug. 1, 2013)).  At this point, it bears repeating that Plaintiff has an action pending before the New York State Commissioner of Education concerning the very same G&T Assessment and score underlying this Complaint.  See Compl. ¶¶ 113, 115.  This is the preferred forum for Plaintiff's allegations to be heard, as the Supreme Court's decision in Epperson makes clear.

### POINT III

### PLAINTIFF RECEIVED ALL THE PROCESS SHE WAS DUE

As set forth in Defendant's moving memorandum, the Plaintiff was afforded – and took advantage of – ample opportunities to speak with the DOE about her concerns about G.G.C.'s score.  See Deft. Memo at 14-15 (detailing Plaintiff's communications with four DOE expert staff members).  This provided all the due process she was entitled to under the particular circumstances of this case.  Plaintiff's continued assertion that the G&T Handbook did not provide sufficient notice of the 48-hour timeframe to notify the DOE of any abnormalities in the

assessment administration has gained no more credence through repetition.  <u>See</u> Deft. Memo at 13-14 (describing prominent description of 48-hour appeals rule in G&T Handbook).  Any remaining allegations in Plaintiff's opposition are without merit.  Plaintiff has not and cannot establish that G.G.C. has a constitutionally protected property interest in a program for which she did not qualify and, therefore, any subsequent argument concerning a purported denial of due process is without merit.

## **CONCLUSION**

Based on the foregoing, Defendant respectfully requests that his motion to dismiss the Complaint be granted, that the Complaint be dismissed in its entirety, with prejudice, and that such other and further relief be granted as the Court deems just and proper.

Dated:   New York, New York
             January 8, 2016

>                        ZACHARY W. CARTER
>                        Corporation Counsel of the City of New York
>                        *Attorney for Defendant*
>                        100 Church Street, Room 2-306
>                        New York, N.Y. 10007
>                        Tel: (212) 356-0897
>                        Fax: (212) 356-3770
>                        lmbaye@law.nyc.gov
>
> By:          s/
>                        LESLEY BERSON MBAYE (LB1618)
>                        Senior Counsel