UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x
P.R.C., on behalf of herself individually, and her
child, G.G.C.,

                      Plaintiffs,

-against-

NEW YORK CITY DEPARTMENT OF
EDUCATION, et al.,

                      Defendants.

--------------------------------------------------------------- x

**ORDER GRANTING MOTION TO DISMISS**

15 Civ. 6851 (AKH)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/7/16

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiff P.R.C., the mother of plaintiff G.G.C., a five-year-old child, sues the New York City Department of Education on behalf of herself and her child. She alleges that her child was wrongfully denied a seat in a gifted and talented program, and claims that this was a deprivation of property without due process of law in violation of the Fourteenth Amendment. Complaint at ¶ 2. The Board and DOE now move to dismiss the complaint because, as a matter of law, G.G.C. has no property interest in a seat in the Gifted and Talented Program under the sibling priority policy.[1] The motion is granted.

        In order to establish a due process violation under the Fourteenth Amendment, plaintiff must satisfy a two part test: first, she must allege a liberty or property interest with which the state has interfered, and second, she must allege that that the existing state procedures associated with that deprivation were constitutionally deficient. *Kapps v. Wing*, 404 F .3d 105, 112 (2d Cir. 2005). The plaintiff has failed to allege a property interest with which the state has

---

[1] Defendants also argued for abstention, an argument which they withdrew in their reply briefing, after the plaintiff, in her opposition briefing, pointed out the City's troubling practice of raising abstention claims that ignore Supreme Court and Second Circuit abstention precedent. *See Mem. of Law in Opp'n*, at 6, n.2, citing *Sprint Comm'cns, Inc. v. Jacobs*, 134 S. Ct. 584 (2013); *Falco v. Justices of the Matrimonial Parts of the Supreme Ct. of Suffolk Cty.*, 805 F.3d 425 (2d Cir. 2015); *Reply Mem. of Law*, at 4 n.1.

1

interfered. "Property interests…are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 572 (1972).

Even assuming, as plaintiff alleges, that G.G.C. would have scored in or above the 97th percentile had the admissions test been properly administered, she would not be able to show a property interest in being placed in the specific gifted and talented program. The Chancellor's regulation to which plaintiff cites does not create an entitlement to her placement in the program. *See* Chancellor's Regulation A-101. Siblings of students already pre-registered or enrolled at an elementary school at the time of application submission are given sibling *priority* for admission into elementary school. However, her placement would not have been automatic, even with the sibling priority, and the qualifying score. As the City points out, "[i]t is entirely possible that the available seats at Anderson would have been filled by siblings with qualifying scores in the 99th and 98th percentiles, before G.G.C. could have been placed." Reply Mem. of Law, at 3.

The Department of Education never created a property interest, because there was never any guarantee that G.G.C. would be placed at the Anderson School, even had she tested in the eligible range. *Cf. Kapps*, 404 F.3d at 115 (applicant for a benefit only has a protected interest in the receipt of that benefit when the statutory scheme "*mandates*" the award of the benefit upon satisfaction of specified criteria) (emphasis added); *Basciano v. Herkimer*, 605 F.2d 605, 609 (2d Cir. 1978) (same). No statutory scheme mandates G.G.C.'s securing a seat at the Anderson School.

Furthermore, "placement selection" of the type "involved in this action does not involve 'basic constitutional values'" that would give rise to a "constitutionally protected interest in attending the school of one's choice." *Johnpoll v. Elias*, 513 F. Supp 430, 430 (E.D.N.Y.

2

1980). "Courts do not and cannot intervene in the resolution of conflicts which arise in the daily operation of school systems and which do not directly and sharply implicate basic constitutional values." *Epperson v. Arkansas*, 393 U.S. 97, 104 (1968).

Plaintiff is pursuing a claim pending before the New York State Commissioner of Education concerning the very same G&T Assessment and score alleged in this Complaint. She fails to state a constitutional claim upon which relief may be granted by this Court.

For the foregoing reasons, the Defendant's motion to dismiss is granted. The Clerk shall enter judgment for defendants, dismissing the complaint, and mark Document No. 13 terminated. The argument scheduled to be held March 8, 2106 is cancelled.

SO ORDERED.

Dated:   March 7, 2016
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3